UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Nashat Zayed | ) | CASE NO.: 18-31033(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| Maher Ghareeb | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | A.P. No. 18-3034 |
| | ) | |
| Nashat Zayed | ) | |
| | ) | |
| Defendant(s) | ) | |

**<u>MEMORANDUM-OPINION</u>**

This matter is before the Court on the Motion to Lift Stay filed by Plaintiff Maher Ghareeb ("Creditor") seeking an Order permitting Creditor to proceed with a state court case filed against Debtor Nashat Zayed ("Debtor").  The Court considered the Motion of the Creditor, the Response of the Debtor, the comments of counsel for the parties at the hearing held on the matter, the Supplemental Motion for Relief from Automatic Stay filed by the Creditor and the Supplemental Brief in Opposition to the Creditor's Motion for Stay Relief filed by the Debtor.  For the following reasons, the Court will enter the attached Order holding this case in abeyance and allowing the Creditor to proceed with the state court action.

## PROCEDURAL BACKGROUND

On March 31, 2018, Debtor filed his Voluntary Petition seeking relief under Chapter 7 of the United States Bankruptcy Code.

On April 9, 2018, the Creditor filed a civil action in the Jefferson Circuit Court in the action styled *Ghareeb v. Zayed*, Cause No. 18-CI-002029, Circuit Court, Jefferson County, Kentucky (hereinafter referred to as the "State Court Case"). The State Court Case contains eight separate counts including claims of breach of contract, conversion, intentional misrepresentation, fraud by omission, theft of property, theft by deception, theft by failure to make disposition and an equitable award of attorneys' fees. The Creditor seeks compensatory and punitive damages from the Debtor under the State Court causes of action under KRS 574.040 and KRS 446.070, as well as KRS 514.070 and KRS 446.070. The State Court Case stems from a sale of a business between the Creditor and the Debtor.

On July 16, 2018, the Creditor filed an adversary proceeding, No. 18-03034, against Debtor objecting to the Debtor's discharge pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6), as well as 11 U.S.C. §§ 727(a)(2)(3) and (4). The basis of the claims in the Adversary Proceeding are the same factual allegations forming the basis for the State Court Case.

The Creditor requested a jury trial in the State Court Case.

On March 18, 2019, in the Adversary Proceeding, the Creditor filed a Motion for Stay Relief seeking to proceed with the State Court Case in order to liquidate his claimed damages.

On March 21, 2019, Debtor filed his brief in opposition to the Creditor's Motion for Stay Relief contending stay relief is inappropriate because the Motion for Stay Relief was filed in the adversary proceeding, that the State Court Case was filed shortly after the bankruptcy and that since

the filing of the State Court Case, no answer has been filed in the State Court Case and has essentially been stayed while the bankruptcy main case and the adversary proceeding have moved forward. Thus far, a minimal amount of discovery has taken place in the adversary proceeding.

## **LEGAL ANALYSIS**

Procedurally, the Motion for Stay Relief filed by the Creditor is inappropriate having been filed in the adversary proceeding rather than the main case. In essence, the Creditor is requesting that this Court abstain from hearing the adversary proceeding, in favor of allowing the Creditor's claims against the Debtor to proceed in the State Court Case. For the following reasons, the Court will enter an Order holding the adversary proceeding in abeyance and allow the Creditor's claims to be liquidated in the State Court Case. In the event that the Creditor is successful on those claims, then Creditor can proceed to have those debts declared nondischargeable in this adversary proceeding pursuant to 11 U.S.C. §§ 523(a)(2), (4) and (6) and 11 U.S.C. §§ 727(a)(2), (3) and (4).

Under the principle of abstention set out in 28 U.S.C. § 1334(c), this Court should abstain from hearing this matter. Section 1334(c) of Title 28 governs abstention, both permissive and mandatory for bankruptcy courts. Section 1334(c) expresses a strong congressional desire that state court actions proceed in state court and not be usurped by federal courts. *In re Norrell*, 198 B.R. 987, 997 (Bankr. N.D. Ala. 1996), citing *Cook v. Griffin*, 102 B.R. 875, 877 (N.D. Ga. 1989).

Mandatory abstention results when a proceeding meets the following four criteria: (1) the proceeding is based upon a "state law claim or state law cause of action;" (2) the proceeding is "related to a case under Title 11, but not arising under Title 11 or arising in a case under Title 11;" (3) the proceeding "could not have been commenced in a court of the United States absent

jurisdiction under this Section;" and (4) the claim or proceeding is one as to which "an action is commenced, and can be timely adjudicated, in the state forum of appropriate jurisdiction." 28 U.S.C. § 1334(c)(2); *Muncie v. O'Brien, Tanski, Tanzer & Young Healthcare Providers of Connecticut (In re: Dow Corning Corp.)*, 86 F.3d 482, 497 (6th Cir. 1996).

The first criteria requires the proceeding be based upon a state law claim or state law cause of action. Excluding the dischargeability issue, it is clear to the Court that this dispute is based on state law claims, which are as follows: breach of contract, conversion, intentional misrepresentation, fraud by omission, theft by unlawful taking under KRS 514.030 and KRS 446.070, theft by deception under KRS 514.040 and KRS 446.070 and theft by failure to make required disposition of property under KRS 514.070 and KRS 446.070.

The second criteria is met in that the matter does not arise in or under Title 11. Proceedings "arising in" Title 11 reference administrative matters that arise only in bankruptcy cases and are not based on any right expressly created by Title 11 but nevertheless, would have no existence outside of the bankruptcy. *In re Wolverine Radio Co.*, 930 F.2d 1132 (6th Cir. 1991). A proceeding "arising under" Title 11 is any proceeding that would not occur but for a Bankruptcy Code provision. *Matter of Van Huffel Tube Corp.*, 71 B.R. 155 (Bankr. N.D. Ohio 1987). The claims asserted in the State Court Case do not arise under Title 11 but are state law claims.

The third criteria is that the proceeding could not have been commenced in a court of the United States absent bankruptcy jurisdiction. Again, excluding the dischargeability aspect, there is no federal court jurisdiction absent bankruptcy jurisdiction. There is no federal question involved. The Creditor contends that the United States Supreme Court has held that while "Article III permits bankruptcy courts to adjudicate Stern claims, that is, claims designated for final adjudication in the

bankruptcy court as a statutory matter but prohibited from proceeding in that way as a constitutional matter, with the parties knowing and voluntary consent." Citing *Wellness Intern. Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1947 (2015). The Creditor indicates he does not give consent and importantly has asserted a claim for a jury trial in the State Court Case. This Court does not conduct jury trials. This is ample reason for this Court to abstain from hearing the adversary proceeding pending the result of the State Court Case and the Creditor's ability to liquidate those claims. There is no federal question involved that would confer jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction does not exist under 28 U.S.C. § 1332.

Finally, the last criteria relates to whether or not the action can be timely adjudicated in a state forum of appropriate jurisdiction. Only a minimal amount of discovery has been conducted in the adversary proceeding. The State Court Case was filed shortly after the bankruptcy was initiated. All action was immediately stayed at that point. The Court has no reason to believe that the State Court could not timely adjudicate these state law claims. It is more appropriate for the State Court to hear the state law claims.

For all of the above reasons, every requirement for meeting mandatory abstention under 28 U.S.C. § 1334(c)(2) exists.

The dischargeability claims asserted in the adversary proceeding, however, are clearly bankruptcy issues that cannot be remanded to State Court. Procedurally, it makes more sense for this Court to hold the adversary proceeding in abeyance pending the resolution of the State Court claims by the parties in that action. Should the Creditor be successful in its State Court Case, the claims will be liquidated in State Court and then the parties may proceed in the adversary proceeding to determine whether those claims are dischargeable under the Bankruptcy Code. Once the State Court

Case is finally resolved, the Court will reschedule this adversary proceeding for a status conference to determine what action, if any, needs to be undertaken to bring the action to a resolution.

## CONCLUSION

For all of the above reasons, the Court determines that mandatory abstention of the adversary proceeding is appropriate and will hold this adversary proceeding in abeyance pending resolution of the Creditor's claims in the State Court Case. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 27, 2019

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Nashat Zayed | ) | CASE NO.: 18-31033(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| Maher Ghareeb | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | A.P. No. 18-3034 |
| | ) | |
| Nashat Zayed | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Creditor's Motion for Stay Relief, be and hereby is, **REMANDED AND TERMINATED**;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this adversary proceeding will be held in abeyance pending final resolution of the State Court Case, Cause No. 18-CI-002029 in the Jefferson Circuit Court and that the Court will abstain from hearing this adversary proceeding until the parties liquidate those claims in the Jefferson Circuit Court action.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that relief from the automatic stay is **GRANTED** so that the State Court action may continue until resolution of the State Court matter. The parties are directed to file a notice with this Court at which time the Court will schedule a pretrial conference to discuss scheduling and the completion of this adversary proceeding.

*[Signature]*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: June 27, 2019